**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ARMANDO AVILES CABRERA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Diamondback Correctional Facility, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-3023-SLP |

**O R D E R**

Petitioner, Armando Aviles Cabrera, appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is Respondents' Response to Order to Show Cause [Doc. No. 7]. Respondents appear to acknowledge that this matter is controlled by the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026).[1] Accordingly, the Court GRANTS IN PART the Petition [Doc. No. 1] as to Petitioner's statutory challenge to his detention pursuant to 8 U.S.C. § 1225(b)(2)(a).

IT IS THEREFORE ORDERED that the Petition [Doc. No. 1] is GRANTED IN PART.[2] Respondents are ORDERED to provide Petitioner with a proper bond hearing,

---

[1] Respondents nonetheless state they do not intend to waive appellate review and they do not concede that *Santillan Quiroz* was correctly decided.

[2] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.

before an immigration judge, pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.[3]

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on November 6, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[4]

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

IT IS FURTHER ORDERED that Petitioner's Motion for Temporary Restraining Order (TRO) and Preliminary Injunction against Transfer, Post-Release Protection and Expedited Briefing [Doc. No. 2] is DENIED as MOOT.

A separate judgment shall be entered.

IT IS SO ORDERED this 30th day of October, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] The Court finds in this instance that the proper remedy is a bond hearing, as recognized by the Tenth Circuit in *Quiroz*. *See Quiroz*, 180 F.4th at 1251 n. 13.

[4] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").